## MATTER OF PECZKOWSKI

### In Section 212(h) Proceedings

### A-13786167

*Decided by District Director May 24, 1966*

Notwithstanding a permanent resident alien's short period of residence here and the fact she obtained her immigrant visa, knowing her husband might not obtain his, and proceeded to the United States, her husband's exclusion would result in "extreme hardship" to her within the meaning of section 212(h), Immigration and Nationality Act, as amended by P.L. 89–236, since in order to suport herself and her 8-year-old daughter she is required to work full time during which she must entrust the care of her child to others; she has found it necessary to make her temporary home with relatives; and the cost of transportation, which she could ill afford, would be wasted should her husband's waiver application be denied.

This case comes before me on appeal from the March 22, 1966 order of the Officer in Charge, Frankfurt, denying the application.

Appellant is a male 35-year-old native of Poland who has resided in Great Britain for the past 20 years. He was married four years ago to a 31-year-old native and citizen of the United Kingdom who was admitted to the United States for permanent residence in October 1965. Each has been married once previously; both marriages were terminated by divorce. Each has one child; appellant's 11-year-old daughter is in the custody of his ex-wife in England and not dependent on him for support. His wife's eight-year-old daughter resides with her in the United States. Appellant's spouse has four sisters in the United States and she temporarily resides with one of them. Her parents reside in England. Appellant has no relations in the United States other than his wife and her daughter, whom he has not yet formally adopted.

The appellant was never in the United States. He was found by the consular officer to be eligible for a visa for permanent residence in all respects except for excludability under section 212(a)(9) of the Immigration and Nationality Act. He was convicted on January 10, 1963 of attempting to evade customs duty. He had been to Poland to visit his family there, and upon returning to England

failed to declare to customs authorities a camera presented to him by his brother while he was visiting in Poland. He paid a £30 fine and had his gift camera confiscated. This is the only conviction appearing in the record and appellant has credibly testified this is the only act he has ever committed which would constitute visa ineligibility.

Because of the nature of the crime and the fact that it is an isolated blemish on the appellant's record, the Officer in charge has conceded that appellant's admission would not be contrary to the national welfare, safety or security. The denying order acknowledges the legal validity of appellant's marriage to his spouse, and that she has been lawfully admitted to the United States for permanent residence. The stability and durability of the marriage are not questioned. The denying decision then is based solely on a finding that appellant's exclusion will not necessarily result in extreme hardship to his United States resident spouse. The finding is premised on the argument that his spouse's United States residence is artificially contrived; that she had, before she herself went to the United States, full knowledge of his excludability and had been warned it might not be waived; that she can very well return to England and join her husband, and therefore his exclusion does not impose the degree of hardship upon her contemplated in the statute.

The record shows it is true she was aware of the conviction at the time it took place in 1963, that she and her husband applied for a visa at the same time in 1965, and that she was made aware at that time of the reason his visa was refused. The United States Consul carried out his obligation in telling the appellant of the provisions of section 212(h) of the Immigration and Nationality Act, at the same time warning him that the adjudication of applications made under this provision is a discretionary matter administered under the authority of the Attorney General. Mrs. Peczkowski was told by the consul that although he had no legal basis to deny her visa or that of her daughter, there was no alternative but to refuse her husband's. It was made clear to her that her husband might not be able to join her in the United States and she was required to sign a consular affidavit acknowledging her awareness of that possibility, and stating that she assumed full responsibility for any physical hardship or mental distress which the separation might cause appellant, herself or other members of the family. She signed the affidavit, proceeded with her own application, and emigrated to the United States.

The waiver of excludability which appellant seeks cannot be granted pursuant to section 212(h), as amended, unless he establishes

satisfactorily that his exclusion would result in "extreme hardship" to his lawfully resident spouse or stepchild. In *Matter of W—*, 9 I. & N. Dec. 1, the Board of Immigration Appeals ruled that "extreme hardship" means "more than the existence of mere hardship caused by family separation."

It is true that appellant's wife and stepchild have boldly risked the possibility that he might not be found eligible for a visa after they emigrated from England. The disappointment and emotional hardship which the wife would apparently experience as a consequence of the denial of this application are the ordinary hardships of family separation and do not constitute "extreme hardship" within the Board's ruling in *Matter of W—, supra*. If these were the only elements of hardship present, it follows that the application could not be approved. However, while these additional hardships may be of her own making, it has been established that appellant's wife has found it necessary to make her temporary home with relatives, that she has been forced to entrust the care of her child to such relatives while she is required to work full-time to support herself and eight-year-old daughter. The spouse and child could ill afford the cost of their transportation to the United States, which would have been wasted, and the cost of their return transportation to England to rejoin appellant, if this application were to be denied. Under the circumstances, it is concluded that the appellant's exclusion would result in "extreme hardship" to his spouse and stepchild, lawful permanent residents of the United States.

If the appellant's spouse were a United States citizen or an alien with long legal residence in the United States no question would have arisen; the otherwise overwhelmingly favorable factors would have led to granting the application. The question to be decided here is whether the short term of residence in the United States of appellant's spouse, or the fact that she obtained her visa knowing that her husband might not obtain his, have any bearing on the degree of hardship now suffered by appellant's spouse due to his exclusion.

The statute is quite clear, and neither the law, regulations, interpretations nor precedent decisions establish a criterion as to how long a legal resident relative must have resided in the United States before the ineligible relative can qualify for waiver. In this case it is clearly established that (1) appellant is ineligible for a visa under section 212(a)(9) of the Immigration and Nationality Act, and he has applied for waiver under section 212(h) of the Act; (2) his spouse is an alien legally admitted to the United States for permanent residence; (3) his admission would not be contrary to

the national welfare, safety or security of the United States; and (4) his-exclusion would result in extreme hardship to his lawfully resident spouse.

The appeal will be sustained.

ORDER: It is ordered that the application of Romuald Leszek PECZKOWSKI for waiver of excludability under section 212(a) (9) of the Immigration and Nationality Act be and is hereby GRANTED pursuant to the authority contained in section 212(h) of the Immigration and Nationality Act, PROVIDED that such waiver shall apply only to the grounds for exclusion referred to herein.